Matter of Pitkowsky (2025 NY Slip Op 01373)

Matter of Pitkowsky

2025 NY Slip Op 01373

Decided on March 12, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2024-11187

[*1]In the Matter of Herbert G. Pitkowsky, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Herbert G. Pitkowsky, respondent. (Attorney Registration No.1971340)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for theTenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 4, 1985.

Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On October 28, 2024, the Grievance Committee for the Tenth Judicial District served the respondent, by personal delivery, with a notice of petition and a verified petition, both dated October 15, 2024, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges of professional misconduct alleging that the respondent engaged in conduct that is prejudicial to the administration of justice and engaged in conduct that adversely reflects on his fitness as a lawyer by failing to cooperate with the Grievance Committee in its investigation into his misconduct, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the petition within 20 days after service upon him of the notice of petition and the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on December 13, 2024, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated October 15, 2024, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the motion of the Grievance Committee to deem the charges in the verified petition dated October 15, 2024, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Herbert G. Pitkowsky, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Herbert G. Pitkowsky, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Herbert G. Pitkowsky, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Herbert G. Pitkowsky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court